```
                    Aug. 7, 2009
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.
# 09-61219-Civ-DIMITROULEAS/SNOW

JAMES K. FIANO,

    Plaintiff,

v.

WILLIAMS & FUDGE, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

### PARTIES

3.    Plaintiff, JAMES K. FIANO, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, WILLIAMS & FUDGE, INC., is a corporation and citizen of the State of South Carolina with its principal place of business at 300 Chatham Avenue, Rock Hill, South Carolina 29730.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

9. Defendant left the following messages on Plaintiff's voice mail on his residential telephone on or about the dates stated:

> June 17, 2008
> Please call Williams and Fudge, Incorporated at 800-849-9791. We have an important business matter to discuss with you. This is not a sales call. Again, please call Williams and Fudge Incorporated at 800-849-9791. We have an important business matter to discuss with you. This is not a sales call. Please call 800-849-9791 and give reference number 928304.
>
> July 16, 2008
> Hello. This message is for Anita. This is David Shrum with the offices of Williams and Fudge, Incorporated. I am calling in regards to personal information of yours that has been referred to my office that I do need to discuss with you as soon as possible. I am going to need to get a call back. My telephone number where I can be contacted is 1-800-849-9791. My

2

office extension is 2706. I appreciate your time and look forward to hearing back from you. Thanks.

August 7, 2008
This message is for Anita. This is David Shrum with the offices of Williams and Fudge, Incorporated. I am calling in regards to personal matter of yours that has been referred to my office. If you would please, give me a return phone call when you receive this message, I would appreciate it. My telephone number where you can me directly is 1-800-849-9791. My office extension is 2706.

September 22, 2008
Hello, this message is for Anita, This is David Shuram with Williams & Fudge, Incorporated. I am calling in regards to a personal matter of yours that's been referred to my office that I need to speak with you on as soon as possible. Telephone number is 1-800-849-9791.  The office extension is 2706.

October 1, 2008
Anita, This is Marilyn with Williams and Fudge, Incorporated, 800-849-9791, extension 2297.

October 29, 2008
Hi Anita. This is Debbie. Could you please give me a call at 803-329-9791, extension 2315. Thank you.

October 31, 2008
Hey Anita. This is Josh. Give me a call please 803-329-9791.

November 20, 2008
Anita, this is Amanda. Give me a call please Area code 803-329-9791. Extension 2298.

December 17, 2008
Hi, this message is for Anita. This is Kyle at Williams & Fudge, call me back please at 803-329-9791. Extension 2141.

December 22, 2008
Anita. This is Rutledge over at Williams & Fudge. 800-849-9791, extension 2188.

January 27, 2009
Please call Williams & Fudge Inc. at 800-551-5772. We have an important business matter to discuss with you. This is not a sales call. Again, please call Williams & Fudge, Inc. at 800-551-5772. We have an important business matter to discuss with you. This is not a sales call. Please call 800-551-5772 and give reference number 928304.

February 12, 2009
Anita, hey, this is Elizabeth. If you could give me a call back whenever you get this. My number is 1-800-551-5772. Once again, my number is 1-800-551-5772. Thank you.

April 9, 2009
Hi, this message is for Anita. This is Keisha. Anita, if you could please give me a call back today at Williams & Fudge at 803-329-9791 extension 2313. Thank you.

June 25, 2009
Anita, its Marsha with Williams and Fudge. Give me a call back. Number 800-551-5772. Thank you.

July 6, 2009
Anita, its Marsha Ray with Williams and Fudge. Give me a call back. Number 1-800-551-5772. Thank you.

July 27, 2009
Hey Anita. This is Latesha. If you could give me a return call back in my office. 803-329-9791. Extension is 2313.

10.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

11.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

4

12. Some of the messages use a pre-recorded or artificial voice.

13. Some of the messages are directed to "Anita" and others are silent as to the identity of the intended recipient.

14. Plaintiff is not liable for the debt of Anita, nor does Anita reside at Plaintiff's home nor has she ever resided there. Plaintiff believes "Anita" may be a former neighbor but he is not certain.

15. The U.S. Court of Appeals for the Eleventh Circuit has established the standard by which violations of the FDCPA are analyzed, *i.e.,* whether the communication by the debt collector would mislead the "least sophisticated consumer". *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-78 (11th Cir. 1985).

16. Based upon the text of some of the messages, the least sophisticated consumer would believe he is obligated to pay a debt and, accordingly, is a consumer as defined in the FDCPA and a debtor as defined in the FCCPA.

17. Plaintiff believed some of the calls were from a debt collector and were attempting to collect a debt from him.

18. Defendant used a pre-recorded or artificial voice to place telephone calls to Plaintiff's home telephone.

19. Plaintiff did not expressly consent to Defendant's placement of telephone calls to his home telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

20. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

21. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

22. Plaintiff incorporates Paragraphs 1 through 21.

23. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

24. Plaintiff incorporates Paragraphs 1 through 21.

25. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and or that

it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

26. Plaintiff incorporates Paragraphs 1 through 21.

27. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT IV
### TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

28.    Plaintiff incorporates Paragraphs 1 through 21.

29.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using a pre-recorded or artificial voice in placing telephone calls to Plaintiff's residential telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

### COUNT V
### ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30.    Plaintiff incorporates Paragraphs 1 through 21.

31.    Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing its name, that it is a debt collector and the purpose of its communications, by using a pre-recorded or artificial voice in

placing calls to Plaintiff's residential telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, all done when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

32.    Plaintiff incorporates Paragraphs 1 through 21.

33.    By failing to disclose its name, that it is a debt collector and the purpose of its communication, by using a pre-recorded or artificial voice in placing telephone calls to Plaintiff's residential telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency at can be reasonably be expected to harass Plaintiff, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

9

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

34.    Plaintiff incorporates Paragraphs 1 through 21.

35.    Defendant placed non-emergency telephone calls to Plaintiff's home telephone using a pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(B).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages; and

    b.    Such other or further relief as the Court deems proper.

## COUNT VIII
## DECLARATORY AND INJUNCTIVE RELIEF

36.    Plaintiff incorporates Paragraphs 1 through 21.

37.    Pursuant to 28 U.S.C §§2201 and 2202, Plaintiff seeks a declaration that Defendant's practices are in violation of the TCPA and the FCCPA.

38.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

39.   Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the FCCPA.

40.   Pursuant to 47 U.S.C § 227 (c)(5)(A), Plaintiff seeks a permanent injunction prohibiting Defendant from continuing violation of the TCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment:

    a.   declaring that Defendant's practices violate the TCPA and the FCCPA;

    b.   permanently injoining Defendant from engaging in the violative practices; and

    c.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ___6___ day of August, 2009.

                      DONALD A. YARBROUGH, ESQ.
                      Attorney for Plaintiff
                      Post Office Box 11842
                      Ft. Lauderdale, FL 33339
                      Telephone: 954-537-2000
                      Facsimile: 954-566-2235
                      donyarbrough@mindspring.com

By:_____
                      Donald A. Yarbrough, Esq.
                      Florida Bar No. 0158658

# 09-61219-Civ-DIMITROULEAS/SNOW
# CIVIL COVER SHEET

☒ ELECTRONIC

Aug. 7, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in Sept the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF

**I(a) PLAINTIFFS**

Fiano, James K

**DEFENDANTS**

Williams & Fudge, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09cv61219-WPD/LSS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** __1-2__ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander   ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability   **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine   ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability   ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle   ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability   ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**   **B PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting   ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations   ☐ 535 Death Penalty | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare   ☐ 540 Mandamus & Other* |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B |  |  | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property |  |  |  |  |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding    ☐ 2 Removed from State Court    ☐ 3. Remanded from Appellate Court    ☐ 4. Refiled    ☐ 5. Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**

CHECK IF THIS IS A ☐ UNDER F.R.C.P.23     CLASS ACTION No     DEMAND $ N/A     Check YES only if demanded in complaint     ☒ YES  ☐ NO
JURY DEMAND:

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE    DOCKET NUMBER

DATE: August __, 2009    SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 64/7123    Amount: ___    Date Paid: ___    M/ifp: ___